IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00153-BNB

LARRY NEIL GRANT,

    Plaintiff,

v.

LT. BERNADETTE SCOTT,
LT. FELZIEN,
SGT. CLEMENT, and
OFFICER BEHRENDSEN,

    Defendants.

## ORDER TO FILE AMENDED PRISONER COMPLAINT

Plaintiff Larry Neil Grant is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at a DOC correctional facility in Sterling, Colorado. On January 22, 2013, Plaintiff submitted to the Court a Prisoner Complaint asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also asserts violations of the Americans with Disabilities Act (ADA). The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, Plaintiff will be ordered to amend the Complaint.

Plaintiff asserts that he was terminated from his "O.C.A." job because of his disabilities in violation of the ADA, Section 504 Title II 1973, 42 U.S.C. §§ 12101(2)(A)-(C) (2000).  Plaintiff contends he is disabled under the Act because he has hearing aids in both ears, walks with a cane, and takes medication to remain calm.  Plaintiff further asserts that the DOC has not placed a strobe light in his cell, which are used to alert prisoners who are hearing impaired when there is a fire.  Finally, Plaintiff asserts that he was denied the ability to pursue a grievance past step one against Defendant Clement. Plaintiff seeks money damages and declaratory and injunctive relief.

Although Plaintiff asserts claims against all named defendants in his ADA claim, he fails to assert how a named defendant was responsible for the failure to place a strobe light in his prison cell.  Also, the individual Plaintiff identifies in the text of the Complaint as responsible for refusing to process his grievance beyond the first step is not named as a party to the Complaint.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show that each **named** defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff further is instructed that "to state a claim in federal court, a complaint must explain what each [named] defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Plaintiff] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

2

1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Court will proceed with a review of the merits of only the administrative segregation and excessive force claims.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED February 25, 2013, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge