IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00153-BNB

LARRY NEIL GRANT,

    Plaintiff,

v.

LT. BERNADETTE SCOTT,
LT. DENNY OWENS,
LT. FELZIEN,
SGT. CLEMENT, and
C/O BEHRENDSEN,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff, Larry Neil Grant, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the correctional facility in Sterling, Colorado. On January 22, 2013, Plaintiff submitted to the Court a Prisoner Complaint asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint and directed Plaintiff to amend and state how named defendants personally participated in his strobe light and grievance claims. Plaintiff filed an Amended Complaint on April 22, 2013.

The Court must construe the Amended Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the Complaint and the action will be dismissed in part and drawn in part to a district judge and to a magistrate judge.

Plaintiff sets forth two claims in the Amended Complaint. In Claim One, Plaintiff asserts that his rights were violated under the Americans with Disabilities Act (ADA), Section 504 Title II 1973, 42 U.S.C. §§ 12101(2)(A)-(C) (2000), when he was terminated from his "O.C.A." job because of his disabilities. Plaintiff contends he is disabled under the Act because he has hearing aids and walks with a cane and concludes the dismissal from the job based on his disability violated his right to be employed at any job another inmate may have in violation of the Act. Plaintiff also asserts that Defendants failed to follow administrative regulations, state law, and the Colorado Constitution when they dismissed him from his job

In Claim Two, Plaintiff asserts Defendant Lieutenant Bernadette Scott is violating his Eighth Amendment right by not placing a strobe light in his cell, or any prison cell, to alert prisoners who are hearing impaired that there is a fire. Plaintiff seeks money damages, declaratory and injunctive relief, and meaningful access to the prison law library.

With respect to Claim One, Title II authorizes suits by private citizens for money damages against public entities. *See Guttman v. Khalsa*, 669 F.3d 1101 (10th Cir. 2012). Under 42 U.S.C. § 12131(1)(B), a public entity is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." Plaintiff, however, cannot maintain an ADA claim against individual defendants in their individual capacities because the statute does not impose individual liability. *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

Consequently, to the extent that Plaintiff's allegations against Defendants Lt. Bernadette Scott, Lt. Denny Owens, Lt. Felsien, Sgt. Clement, and C/O Behrendsen impose individual liability, the allegations will be dismissed. Because Plaintiff, in his original Complaint, ECF No. 1, identified in the caption of the Complaint that defendants are named in both their individual and official capacities, the Court will draw Claim One in part to a district judge and to a magistrate judge. Claim Two also will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the Complaint and action are dismissed in part with respect to the ADA claim as it is asserted against defendants in their individual capacities. It is

FURTHER ORDERED that the ADA Claim as asserted against defendants in their official capacity, the remainder of Claim One, and Claim Two shall be drawn to a district judge pursuant to D.C.Colo.LCivR 40.1 and to a magistrate judge.

DATED at Denver, Colorado, this  29th  day of       May       , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court