IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00153–MSK–KMT

LARRY NEIL GRANT,

    Plaintiff,

v.

LT. BERNADETTE SCOTT,
LT. DENNY OWENS,
LT. FELSIEN,
SGT. CLEMENT, and
C/O BEHRENDSEN,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Exclude" (Doc. No. 36) filed September 26, 2013.  Defendants filed their response on September 30, 2013.  (Doc. No. 38.)

Plaintiff seeks to exclude the Colorado Attorney General's office from representing the defendants.  Colorado Revised Statute § 24-31-101(1)(a) provides that the Attorney General of the State of Colorado is to appear "for the State" in all actions, civil and criminal in which the State "is a party or interested" when "required to do so by the Governor. . . . "  The Department of Corrections is a state agency.  Colo. Rev. Stat. § 17-1-101(1).  The State of Colorado is divided into "principal departments."  Colo. Const. Art. IV, section 22.  The Colorado Department of Corrections is one of those principal departments of the State of Colorado created

pursuant to Colo. Rev. Stat. §§ 24-1-110 and 24-1-128.5(1).  A state agency is a "public entity," which is defined as including "the state, . . . and every other kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law. . . ." Colo. Rev. Stat. § 24-10-103 (5).  The state defendants are public employees because they are employees of a "public entity. . . ." Colo. Rev. Stat. § 24-10-103(4)(a).  State defendants are "correctional officials," which are defined as "any employee(s) of a correctional facility." Colo. Rev. Stat. § 24-4.1-302 (1.5).

The Colorado Attorney General has a statutory duty to defend state employees sued for acts arising out of the performance of the employee's official duties:

> Upon the request of any employee in the state personnel system, it is the duty of the attorney general to represent such employee in any civil action or administrative proceeding instituted against such employee, either in his official or individual capacity if the action or proceeding arises out of the performance of such employee's official duties as determined by the attorney general and if the action or proceeding has not been brought by the state personnel director or the appointing authority of such employee seeking dismissal or other disciplinary action; except that the attorney general shall not represent any such employee in any action brought under section 24-50.5-105.

Colo. Rev. Stat. § 24-31-101 (4). .

As employees of a state agency, Defendants are entitled to representation in the defense of any action arising out of the performance of their duties and within the scope of their employment.  *See e.g.* Colo. Rev. Stat. §§ 24-10-110 (1) and 24-10-118 (1).  Only if the Attorney General or a court determines that the public employee's acts did not arise out of the scope of his or her employment, or was willful and wanton, or the employee failed to cooperate with the state

when it attempted to defend him or her, would the state not provide a defense through the Attorney General.  Defendants state there are no such issues present here.

Therefore, it is **ORDERED** that Plaintiff's "Motion to Exclude" (Doc. No. 36) is **DENIED**.

Dated this 30th day of September, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge