IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00153–KMT

LARRY NEIL GRANT,

    Plaintiff,

v.

LT. BERNADETTE SCOTT,
LT. DENNY OWENS,
LT. FELSIEN,
SGT. CLEMENT, and
C/O BEHRENDSEN,

    Defendants.

# ORDER

This matter is before the court on "Defendants' Motion to Dismiss" (Doc. No. 33 [Mot.], filed August 1, 2013). Plaintiff did not file a response. This matter is ripe for ruling.

## STATEMENT OF THE CASE

In his Amended Complaint, Plaintiff, who is incarcerated at the Sterling Correctional Facility ("SCF") in the Colorado Department of Corrections ("CDOC"), alleges Defendant Scott violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201(2)(A)-(C), when she terminated him from his Offender Care Aide ("OCA") position

because of his disabilities.[1]  (Doc. No. 15 at 4–7.)  Plaintiff also alleges Defendant Scott violated his Eighth Amendment rights by not placing strobe lights in his or other prisoners' cells to alert him if a fire alarm goes off.  (*Id.* at 7.)  Plaintiff also alleges Defendants Owens, Felzein, Clements, and Behrendsen violated his constitutional rights by failing to follow various prison administration regulations and procedures.  (*See id.* at 6–7.)  Plaintiff seeks injunctive relief, declaratory relief, and compensatory and punitive damages.  (*Id.* at 9.)

Defendants move to dismiss Plaintiff's case in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  (*See* Mot.)

## STANDARD OF REVIEW

### 1.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors*

---

[1] Senior District Judge Lewis T. Babcock dismissed Plaintiff's ADA claim to the extent it asserted claims against the defendants in their individual capacities.  (*See* Doc. No. 17 at 2.)

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2.   *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two

prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### ANALYSIS

*1.     ADA Claim*

Plaintiff asserts his ADA claim against Defendant Scott only. (*See* Doc. No. 15 at 5.) Defendants argue Plaintiff's ADA claim fails as a matter of law because Plaintiff cannot show he

is an otherwise qualified individual with a disability or that he was discharged because of his disability. (Mot. at 3–8.)

### *A.  Requirements for ADA Claim*

The ADA prohibits discrimination against a "qualified individual with a disability on the basis of the disability." *Valdez v. McGill*, 462 F. App'x 814, 817 (10th Cir. 2012) (quoting 42 U.S.C. § 12112(a)). A plaintiff seeking to establish a claim under Title II of the ADA must "allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing 42 U.S.C. § 12132).

In his Amended Complaint, Plaintiff alleges as follows:

> On March 24 2012 inmate Danny Boyce, #107752, and Plaintiff, had a disagreement. An incident report was written about the situation, and Plaintiff was fired from my O.C.A. Job pending an investigation. After the investigation it was found that Plaintiff did nothing wrong and Plaintiff was not written up. When Plaintiff was fired from his O.C.A. Job, Scott said that she had to reinstate me to my original position as an O.C.A. II due to the fact that Plaintiff, didn't receive any bad "Chrons," or a Write-Up, or any C.O.P.D. Violation. On or about May 26 or May 28, 2012, Plaintiff saw Scott in Unit 1 and inquired about his position as an O.C.A. She told me she would have to reinstate me. A couple days later Plaintiff sent her a "request for interview" (A kite to discuss issues with staff), in which Plaintiff asked her about my reinstatement. About two weeks later she sent the kite back to me saying she was not going to reinstate me due to the fact of the non-physical confrontation situation with Mr. Boyce and my disabilities. She said, "this made me [Plaintiff] not rehireable," then she called Colorado Springs Headquarters for D.O.C., and marked Mr. Grant as a threat to any and all O.C.A clients.

(Doc. No. 15 at 5.)

Defendants argue that Plaintiff is not a qualified individual for purposes of the ADA because he is not otherwise qualified to do the job of an Offender Care Aide. (Mot. at 6–7.) Defendants submit three pages from the Montez Remedial Plan and cite from a relevant portion of the Plan[2, 3], which states,

> Any inmate with a disability who requires assistance with the performance of everyday activities shall be provided inmate aides to assist the inmate. DOC shall designate inmate aides to perform these services and shall provide appropriate training to the inmate rendering the services. Inmate aides will be screened to ensure that they do not have exhibited tendencies to victimize other inmates and that they are compatible with the care-giving skills required. Inmates who have a history of violent behavior or a history of theft will not be designated as inmate aides.

(Mot., Ex. 2.) Defendants argue Plaintiff threatened another inmate for whom he served as an Offender Care Aide, and because Plaintiff exhibited violent behavior, he no longer met the

---

[2]*Montez v. Romer*, Case No. 92–N–870(OES), is a class action lawsuit filed in the early 1990s on behalf of Colorado inmates suffering from particular disabilities. The case settled in 2003 and the District Court imposed a Remedial Plan under which class members could present claims of discrimination to a Special Master for processing. *See Montez v. Owens*, Case No. 92–N–870(OES), 2007 WL 4226365, at **1–2 (D. Colo. 2007).

[3]Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004). At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Thus, "the court is permitted to take judicial notice of . . . facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). The decision of whether to take judicial notice of a particular fact is within the court's discretion. *Klein v. Zavaras*, 80 F.3d 432, 435 n.5 (10th Cir. 1996). The court takes judicial notice of the Montez Remedial Plan.

essential eligibility requirements for the Offender Care Aide position regardless of his disabilities. (*Id.* at 7.) In support of this argument, Defendants submit an incident report written about Plaintiff's disagreement with Inmate Boyce and Plaintiff's subsequent termination from his position as an Offender Care Aide. (*Id.*, Ex. 1.) Defendant urges this court to consider the document in ruling on the Motion to Dismiss. If a plaintiff refers to a document in his complaint, and the document is central to the plaintiff's claim, the defendant may submit an authentic copy to the court for its consideration on a motion to dismiss. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The incident report submitted by Defendants, though referred to by Plaintiff in his Amended Complaint, is not central to his claims. Therefore, the court declines to consider the incident report.

Based on the allegations in Plaintiff's Amended Complaint, he and another inmate had a "disagreement," but "[a]fter the investigation it was found that Plaintiff did nothing wrong and Plaintiff was not written up." (Doc. No. 15 at 5.) Defendants have failed to show that Plaintiff has "exhibited tendencies to victimize other inmates" or that Plaintiff has "a history of violent behavior or a history of theft" (Mot., Ex. 2) to disqualify him from doing the job of an Offender Care Aide. Thus, Defendants' argument in this regard fails.

Next, Defendants argue that Plaintiff has failed to allege he was discharged from his position solely because of his disabilities. (Mot. at 7–8.) The Tenth Circuit has held that to establish the final element of a *prima facie* case, a plaintiff must "present some affirmative evidence that disability was a determining factor in the employer's decision." *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1259 (10th Cir. 2001) (emphasis added) (citations and

7

quotations omitted).  Plaintiff "need not, however, prove that the discriminatory motive was the sole reason for his firing; rather, he must show only that it was a 'determining factor.' "  *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1149 (10th Cir. 2011) (citing *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008) (internal quotation marks omitted).  Here, Plaintiff alleges Defendant Scott decided not to reinstate Plaintiff's position because of his "non-physical confrontation situation with Mr. Boyce **and** my disabilities."  (Doc. No. 15 at 5.)  Plaintiff also alleges he "was informed by staff, that 'Plaintiff was not rehireable as an O.C.A., due to my having a cane."  (*Id.*. at 4.)  Thus, Plaintiff alleges his disability was one of two determining factors.

Defendants cite to a statute and cases in support of the argument that an ADA claim requires a plaintiff to show that the defendants' allegedly improper conduct was done solely because of Plaintiff's disability.  (*See* Mot. at 4–5.)  Defendants cite to 29 U.S.C. § 794 and *Welsh v. City of Tulsa, Oklahoma*, 977 F. 2d 1415 (10th Cir. 1992).  In *Welsh,* the Court simply referred to 29 U.S.C. § 794, titled "Nondiscrimination under Federal grants and programs, which the Court explained "prohibits programs receiving federal financial assistance from discriminating against handicapped persons solely because of that handicap."  *Id.* at 1417.  That Act is inapplicable to this case.  Defendants also cite to *Weinreich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976 (9th Cir. 1997), in which the court stated a plaintiff "must . . . prove that the exclusion from participation in the program was 'solely by reason of disability.' " *Id.* at 978.  However, Ninth Circuit law is not binding on this Court, especially where it differs from Tenth Circuit case law.

Therefore, Defendants' motion to dismiss Plaintiff's ADA claim is denied. Nevertheless, Title II of the ADA is not a valid abrogation of Colorado's Eleventh Amendment immunity from claims for damages. *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 866 (10th Cir. 2003). Therefore, Plaintiff may seek only prospective injunctive relief—and not damages—based on an alleged violation of the ADA. *Id.* Moreover, punitive damages may not be awarded in a private cause of action brought under Title II of the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). Thus, Plaintiff is limited to prospective injunctive relief on his ADA claim.

*2.  Constitutional Claims*

   *A.   Claims for Failure to Follow Prison Administration Regulations and Procedures*

Defendants also argue Plaintiff fails to state a claim for alleged violations of administrative regulations under the Colorado Constitution. (Mot. at 8–9.) To be clear, on a reading of Plaintiff's Amended Complaint, it appears Plaintiff alleges Defendants Owens, Felzein, Clements, and Behrendsen violated his constitutional rights by failing to follow various prison administration regulations and procedures. (Doc. No. 15 at 6–7.) As to Defendant Owens, Plaintiff specifically alleges he denied Plaintiff the right to proceed with the prison grievance process which required him to answer Plaintiff's grievances in a timely manner.[4] (*Id.*

---

[4]Plaintiff appears to make this allegation as justification for his failure to exhaust his administrative remedies. (*See* Doc. No. 5 at 6, 8.) A prisoner's failure to exhaust administrative remedies is an affirmative defense that generally must be raised by defendants in a civil rights action. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants have not moved to dismiss Plaintiff's claims for failure to exhaust, and that issue is not properly before the court at this time.

9

at 6.) As to Defendants Felzein, Clements, and Behrendsen, Plaintiff claims they "team[ed] up on [Plaintiff] by going to [Defendant] Scott having [Plaintiff] marked as a threat to all O.C.A. clients." (*Id.* at 6–7.)

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Thus, even if prison officials did not strictly follow the prison's internal regulations, such failure would not constitute a violation of Plaintiff's constitutional rights. *See Malik v. Kindt*, No. 95–6057, 1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) ("a failure to adhere to administrative regulations does not equate to a constitutional violation") (quoting *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir.1993)).

Accordingly, Plaintiff's claims against Defendants Owens, Felzein, Clements, and Behrendsen are dismissed for failure to state a claim upon which relief can be granted.

### B.   *Eleventh Amendment Immunity*

Defendant Scott asserts that the constitutional claims against her in their official capacity must be dismissed based on Eleventh Amendment immunity. (Mot. at 14.) The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer*

*v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against Defendant Scott in her official capacity constitutes claims against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Therefore, Plaintiff's official-capacity claims for monetary relief against Defendant Scott are barred by the Eleventh Amendment and are dismissed for lack of subject matter jurisdiction. *See id.*; *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

### C.     *Lack of Personal Participation in Eighth Amendment Violation*

Plaintiff alleges that Defendant Scott, by failing to ensure strobe lights have been placed in the SCF units, has created a dangerous situation for Plaintiff, who cannot hear the fire alarms when they go off, in violation of the Eighth Amendment. (Doc. No. 15 at 7.)

To establish that a prisoner's conditions of confinement violate the Eighth Amendment, a prisoner must first show that the alleged deprivation was objectively "sufficiently serious," such

that it resulted "in the denial of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To satisfy this requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Defendants argue that Plaintiff has failed to allege facts to satisfy either the objective or the subjective elements of an Eighth Amendment claim. (Mot. at 9–11.) The court agrees that Plaintiff has failed to state a claim, but for a different reason.

Personal participation is an essential allegation in a 42 U.S.C. § 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63. To prevail on a claim for damages for a constitutional violation under § 1983, a plaintiff must establish that the defendant acted under color of state law and caused or contributed to the alleged violation. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The plaintiff must show that the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation. *Id.*

Although state actors who participate in a violation in a supervisory role may incur liability, there is no concept of strict supervisory liability under § 1983. *Jenkins*, 81 F.3d at 994 (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991). It is therefore not enough for a plaintiff merely to show that a defendant was in charge of other state actors who actually committed the violation. *Id.* Rather, the plaintiff must establish "a deliberate, intentional act by

the supervisor to violate constitutional rights." *Id.* (citing *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). This standard may be satisfied by showing that the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance. *Id.*

Plaintiff has failed to allege any facts to show that Defendant Scott personally participated in the alleged Eighth Amendment violation. Rather, it appears Plaintiff wishes to hold Defendant Scott liable solely due to her position as ADA Coordinator. Specifically, Plaintiff alleges Defendant Scott "is the A.D.A. Coordinator for S.C.F.," and it is "her responsibility to make sure all inmates . . . have a[n] indication of their need to leave the area and a safe means of leaving, when there is a fire drill." (Doc. No. 15 at 7.) However, Plaintiff has failed to allege "a deliberate, intentional act" by Defendant Scott to violate his constitutional rights. *Jenkins*, 81 F.3d at 994. Further, Plaintiff has failed to show that Defendant Scott personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Id.*

Plaintiff has failed to allege Defendant Scott personally participated in an Eighth Amendment violation, and therefore his Eighth Amendment claim is dismissed.

*4.    Qualified Immunity*

Defendant Scott argues she is entitled to qualified immunity. (Mot. at 11.) Whether Defendant Scott is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry.  First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right.  Second, ... the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*  "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry.  *Id.*  Having concluded that Plaintiff has failed to state a claim for a constitutional violation, Defendant Scott is entitled to qualified immunity on Plaintiff's § 1983 claim.

### 5.     *Compensatory Damages*

Defendants argue that, under the Prison Litigation Reform Act ("PLRA"), Plaintiff cannot bring a civil action for damages in the action of a physical injury.  (Mot. at 14–15.)

The Prison Litigation Reform Act (PLRA) states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, <u>for mental or emotional injury suffered</u> while in custody without a prior showing of physical injury.  42 U.S.C. § 1997e(e) (emphasis added).  *See also Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 807 (10th Cir. 1999).  In this case, Plaintiff does not seek damages for mental or emotional injury.  The PLRA does not apply where the plaintiff does not bring an action for mental or emotional

injury. *See Hawkinson v. Montoya*, 479 F. Supp. 2d 1164, 1169 (D. Colo. 2007) (rejecting interpretation of the statute as prohibiting a prisoner from recovering compensatory damages of any type unless he has suffered a physical injury). Thus, Defendants' motion to dismiss Plaintiff's compensatory damages claims under the PLRA is denied. Nevertheless, Plaintiff's only remaining claim is his ADA claim, for which he is limited to prospective injunctive relief only, as discussed *supra*.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Defendants' Motion to Dismiss" is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's claims against Defendants Owens, Felzein, Clements, and Behrendsen are dismissed for failure to state a claim upon which relief can be granted, and these defendants shall be removed from the caption.

2. Plaintiff's official-capacity claims for monetary relief against Defendant Scott are barred by the Eleventh Amendment and are dismissed for lack of subject matter jurisdiction.

3. Plaintiff's Eighth Amendment claim is dismissed for failure to allege personal participation.

4. Defendant Scott is entitled to qualified immunity on Plaintiff's § 1983 claim.

5.  Defendants' motion to dismiss Plaintiff's ADA claim is denied. However, Plaintiff is limited to prospective injunctive relief only. The case shall proceed on this claim only.

Dated this 9th day of October, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge