IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00153–KMT

LARRY NEIL GRANT,

    Plaintiff,

v.

LT. BERNADETTE SCOTT,

    Defendants.

## ORDER

This matter is before the court on "Defendant's Motion for Summary Judgment" (Doc. No. 58 [Mot.], filed March 10, 2014). Plaintiff did not file a response. This matter is ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff is incarcerated at the Sterling Correctional Facility ("SCF") in the Colorado Department of Corrections ("CDOC"). (Compl. [Doc. No. 15] at 4.) Plaintiff's only remaining claim is that Defendant Scott violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201(2)(A)-(C), when she terminated him from his Offender Care Aide ("OCA") position because of his disabilities. (*See* Doc. No. 40 at 16.) This court previously ordered that Plaintiff is limited to prospective injunctive relief only. (*Id.*)

Defendant Scott moves for summary judgment on Plaintiff's claim on the basis of mootness. (Mot.)

**UNDISPUTED FACTS**

1. Plaintiff alleges that "[o]n March 24, 2012, inmate Danny Boyce, #107752, and Plaintiff had a disagreement. An incident report was written about the situation and Plaintiff was fired from [his] OCA job pending an investigation." (Doc. No. 15, p. 5.)

2. The incident report states:

On 3/24/2012 at approx. 1:30 pm I, C/O Behrendsen was working in the Lu 2 Control center when inmate Grant, Larry # 150782 and inmate Boyce, Danny #107752 were walking through A pod slider Inmate Grant told inmate Boyce that he better watch his f***ing mouth. I told Grant to go to the office. Grant was an offender care aid and Boyce is a [sic] ADA offender. Sgt. Clement had advised inmate Grant that he was no longer having to be inmate Boyce's OCA due to not wanting a OCA nor having a [sic] accommodation for one. Inmate Boyce came to the office and stated to Sgt. Clement that Grant was telling other inmates that if they helped inmate Boyce they would get a write up. Sgt. Clement had called the inmates into the office and explained to inmate Grant that what he was saying was wrong and that other inmates could assist them without getting into trouble. Sgt. Clement removed inmate Grant as an OCA pending job board evaluation.

(Mot., Ex. 1.)

3. The Job Board reviews offenders for placement in the facility work assignments, educational classes, vocational assignments, I-Pod placement, restricted privilege status, and termination requests. (*Id.*, Ex. 2, ¶ 12.) Once a work supervisor has determined that an offender should be terminated from a position for cause, the Job Board reviews the incident and approves or denies the termination. (*Id.*)

2

4. The Job Board reviewed Plaintiff's termination from his OCA position and found sufficient evidence to terminate Plaintiff's position. (*Id.*, ¶ 13.)

5. Defendant Scott is the ADA Coordinator for Sterling Correctional Facility. (*Id.*, ¶ 3.) Among her duties is the responsibility to review offenders' requests to be trained as OCAs. (*Id.*, ¶ 5.) The OCA program requires, among other things, that offenders be Class I report/conviction free for twelve months. (*Id.*)

6. Defendant Scott has no authority to hire or fire offenders from job positions within the facility (*id.*, ¶ 8), and she did not take part in the decision to terminate Grant from his OCA position (*id.*, ¶ 11).

7. Rather, once Defendant Scott reviews whether an offender is OCA program compliant, the offenders are interviewed by a case manager, the Nurse III or IV, and the ADA Coordinator. (*Id.*, ¶ 6.) Once approved by the interview board, potential OCA candidates are trained by the Nurse III using the DOC approved lesson plan. (*Id.*, ¶ 7.) If they pass the class and the test, they are placed on the approved OCA list. (*Id.*) Quadrant supervisors then hire the offenders and, if necessary, terminate them for cause. (*Id.*, ¶ 8.)

8. On October 17, 2013, Plaintiff met with Defendant Scott and Captain Vorwald regarding a letter Plaintiff sent to the Executive Director's office about the termination of his OCA position. (*Id*, ¶ 14.) Plaintiff was informed at this meeting that while he was not charged or convicted under the Code of Penal Discipline for threatening another offender, an OCA position required him to assist and care for a disabled offender, and that harassment, threats, and abuse would not be tolerated. (*Id.*) Plaintiff stated that he had reviewed his "Thinking for a

Change" materials so that he could avoid trigger situations and that the behavior that caused the termination of his OCA position would not happen again. (*Id.*)

9.      On October 24, 2013, Plaintiff was moved to Living Unit 4. (*Id., ¶ 15.*) He was reassigned to an OCA position on October 29, 2013, following a Job Board review. (*Id.*) Due to a new lesson plan for OCAs, SCF began conducting refresher classes in October 2013. (*Id.*) On December 19, 2013, Plaintiff was recertified by Nurse IV Jamey VanMeter and is currently employed in an OCA position. (*Id.*)

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.

*Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

In his Complaint, Plaintiff requests that he be "reinstated in his old job, without any adverse consequences from this action." (Doc. No. 15 at 9.) Defendant moves for summary judgment on Plaintiff's remaining claim for injunctive relief because his claim is moot. (Mot. at 6.)

5

"The mootness doctrine derives from Article III's requirement that federal courts decide only actual cases between litigants." *United States v. Dominguez–Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999), *overruled on other grounds by United States v. Meyers*, 200 F.3d 715, 721–22 (10th Cir. 2000). When a case or claim is moot, federal courts lack power to review it, because to do so would result in an advisory opinion prohibited by Article III. *Id.*; *see also Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir. 1995) (citing *Preiser*, 422 U.S. at 401).

"A case becomes moot when events occur which resolve the controversy underlying it." *Dominguez–Carmona*, 166 F.3d at 1055.

> Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome . . . . When a party seeks only equitable relief, as here, past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects. In these circumstances, the party must demonstrate a good chance of being likewise injured in the future.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (internal quotation marks and citations omitted). *See also Transwestern Pipeline v. F.E.R.C.*, 897 F.2d 570, 575 (D.C. Cir. 1990) ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.").

Here, Plaintiff has received the relief he sought—the reinstatement to his OCA position—in his claim for injunctive relief. Plaintiff has not demonstrated, nor is it otherwise apparent to the court, that there is a good chance that Defendant will deprive him of the OCA position in the future under the same circumstances. Accordingly, the court finds that Plaintiff's

claim for injunctive relief is moot, and that Defendant's motion for summary judgment properly is granted.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Defendant's Motion for Summary Judgment" (Doc. No. 58) is **GRANTED**.  It is further

**ORDERED** that this case is dismissed in its entirety.  It is further

**ORDERED** that judgment shall enter on behalf of Defendants and against Plaintiff, in accordance with this Order and this court's Order regarding Defendants' Motion to Dismiss (Doc. No. 40).

Dated this 11th day of September, 2014.

BY THE COURT:

_/s/ Kathleen M. Tafoya_
Kathleen M Tafoya
United States Magistrate Judge